## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 30 2017, 6:11 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

P. Jeffrey Schlesinger
Lake County Public Defender
Crown Point, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Thomas Clark,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

March 30, 2017

Court of Appeals Case No.
45A03-1610-CR-2300

Appeal from the Lake Superior
Court

The Honorable Salvador Vasquez,
Judge

Trial Court Cause No.
45G01-0907-FB-63

**Baker, Judge.**

[1] Thomas Clark was convicted of Resisting Law Enforcement,[1] a Class D Felony. He argues that the State did not offer sufficient evidence to show that he resisted law enforcement. Finding sufficient evidence, we affirm.

## Facts[2]

[2] On July 1, 2009, Officer Highland Weaver of the Schererville Police Department was working on patrol when he was dispatched to the Immanuel Presbyterian Church because of a report that a man later identified as Clark was there and armed. The dispatch included a description of a dark color 2007 Mitsubishi. Officer Weaver was already on a nearby street and drove there immediately in a fully marked squad car with the lights and sirens on. When he arrived at the church, he saw the vehicle driven by Clark coming out of the church's driveway. Officer Weaver tried to block Clark's exit in such a way that would show that he was trying to make a traffic stop, but Clark went around the officer's vehicle and entered Route 30. Clark sped up and entered the road's westbound traffic. Officer Weaver was "right behind" Clark and had his lights and sirens activated. Tr. p. 31. The traffic on the road was moderate. Officer Weaver did not know whether Clark saw him.

---

[1] Ind. Code § 35-44-3-3 (2006). The statute that applied at the time of Clark's offense has since been repealed and re-codified at Indiana Code section 35-44.1-3-1.

[2] Oral argument took place on March 16, 2017, at the Culver Academies. We thank counsel for the quality of their written and oral arguments, for participating in the post-argument discussion with the audience, and for commuting to Culver. We especially thank the faculty, staff, and students of the Culver Academies for their gracious hospitality and thoughtful post-argument questions.

[3] Route 30 has an emergency lane that law enforcement officers can use to conduct traffic stops. Officer Weaver radioed other units to have them observe whether the vehicle he was following was the vehicle matching the description in the dispatch. At some point, Clark's vehicle accelerated with Officer Weaver's vehicle behind him. Route 30's speed limit is fifty miles per hour; Clark was driving about fifty-five miles per hour and did not exceed sixty miles per hour. As they continued westbound, they passed three intersections before reaching the four-way traffic light at the Joliet Street intersection. Clark tried to go around the traffic that was at the intersection, but he was blocked in by squad cars. Officer Daniel Smith had approached the intersection driving eastbound in the westbound turn lane or shoulder; he testified that he had the impression that Clark was going to continue driving based on Clark's vehicle's abrupt movement into his lane. At the time of the stop, Officer Weaver had followed Clark for less than a mile—which took one to two minutes—before Clark pulled over. Officer Weaver got out of his vehicle, drew his weapon, and with the other officers who had arrived, approached Clark. Clark cooperated with the officers; he voluntarily gave his name to them and answered honestly when asked if he had any weapons in the vehicle. The officers apprehended Clark and took him into custody.

[4] The State charged Clark with resisting law enforcement, a Class D felony. Following a July 18, 2016, jury trial, a jury found Clark guilty as charged. On September 1, 2016, the trial court sentenced him to two years, all of which was suspended to probation. Clark now appeals.

# Discussion and Decision

[5] Clark argues that there was insufficient evidence to convict him of resisting law enforcement. Specifically, he challenges whether Officer Weaver ordered him to stop and whether he fled from law enforcement. When reviewing a claim of insufficient evidence, we will consider only the evidence and reasonable inferences that support the conviction. *Gray v. State*, 957 N.E.2d 171, 174 (Ind. 2011). We will affirm if, based on the evidence and inferences, a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *Bailey v. State*, 907 N.E.2d 1003, 1005 (Ind. 2009). To convict Clark of Class D felony resisting law enforcement, the State had to prove beyond a reasonable doubt that Clark knowingly or intentionally fled from a law enforcement officer after the officer had, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself as a law enforcement officer and had ordered Clark to stop. I.C. § 35-44-3-3 (2006).

[6] Clark first asserts that the evidence does not sufficiently show that Officer Weaver ordered Clark to stop. A police officer's order to stop may be given through visual indicators. *Fowler v. State*, 878 N.E.2d 889, 894 (Ind. Ct. App. 2008). Evidence of a proper visual order to stop is based on the circumstances surrounding the incident and whether a reasonable person would have known that he had been ordered to stop. *Id.* at 894-95.

[7] The statute in effect at the time Clark was stopped stated that an order to stop could be given through activation of a police cruiser's lights and sirens. Officer

Weaver testified that he responded to the dispatch with his vehicle's lights and siren activated. He tried to block Clark's exit from the church parking lot when Clark drove around him and onto Route 30. Clark did not immediately pull over, even though Officer Weaver followed him for nearly a mile on Route 30 with his lights and siren on. In light of this evidence, the jury could have reasonably inferred that Officer Weaver ordered Clark to stop, and that Clark would have known that he had been ordered to stop.

[8] Clark next asserts that the evidence does not sufficiently show that he fled from law enforcement. This Court considers the definition of "flee from justice" as

> Removing one's self from or secreting one's self within jurisdiction wherein offense was committed to avoid arrest; or concealing one's self therein, with intent, in either case, to avoid arrest, detention, or punishment for some criminal offense.

*Cowans v. State*, 53 N.E.3d 540, 545 (Ind. Ct. App. 2016) (citing Black's Law Dictionary (6th ed. 1990)). "Flight" in the context of the resisting statute "should be understood to mean a knowing attempt to escape law enforcement when the defendant is aware that a law enforcement officer has ordered him to stop or remain in place once there." *Id.* (citation omitted).

[9] The evidence favorable to the trial court's verdict shows that Clark drove around Officer Weaver and passed at least three intersections before being forced to stop. Officer Smith testified that he thought Clark would have continued driving had Smith not blocked him with his squad car. Moreover, even though Clark may not have driven fast or far after being ordered to stop,

speed and distance do not necessarily determine whether he fled from law enforcement. *See Manning v. State*, 995 N.E.2d 1066, 1072 (Ind. Ct. App. 2013) (finding that the defendant fled when she moved her vehicle forward in stopped traffic and when the traffic began to proceed despite the presence of police cars with sirens and emergency lights activated and police officers yelling at her with their guns drawn). The jury could have drawn the reasonable inference that Clark continued driving on Route 30 despite knowing that he had been ordered to stop; further, the jury could have reasonably concluded that such action constituted flight from law enforcement. In essence, Clark is asking us to reweigh the evidence and reassess the credibility of the witnesses, which we will not do. We find the evidence sufficient to support the conviction.

[10] The judgment of the trial court is affirmed.

Kirsch, J., and Bradford, J., concur.